UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____

In re:

CRAIG M MANDERSON,                                    Chapter 13
                                                     Case No. 22-60663-6-pgr
                    Debtor.

_____

APPEARANCES:

MARK W. SWIMELAR                          EDWARD J. FINTEL, ESQ.
*Chapter 13 Trustee*
250 South Clinton Street, Suite 203
Syracuse, NY 13202

SAUNDERS KAHLER, LLP                      MERRITT S. LOCKE, ESQ.
*Counsel for Ashford-Clinton Corp.*
185 Genesee Street, Suite 1400
Utica, NY 13501

## MEMORANDUM-DECISION AND ORDER
## DISALLOWING CLAIM OF ASHFORD-CLINTON CORP.

Presently pending before the Court is the Chapter 13 Trustee's Objection to a Proof of Claim filed by Ashford-Clinton Corp. (Docket No. 24).  Ashford-Clinton, by and through counsel, opposes the Objection. (Docket No. 27, 36).  The Chapter 13 Trustee filed a reply in further support of his Objection. (Docket No. 38).

This Court heard oral argument on July 25, 2023, in Utica, New York.  Decision was reserved. For the following reasons, the Trustee's Objection is sustained and Ashford-Clinton's claim is disallowed.

## JURISDICTION

This Court has core jurisdiction over the parties and this contested matter in accordance with 28 U.S.C. §§ 1334(b) and 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

Craig M. Manderson filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on October 18, 2022. (Docket No. 1).  Ashford Clinton Corp. was listed as an unsecured creditor on Mr. Manderson's Schedules, with an unspecified balance due for "Rent." (Docket No. 1, at p. 21).

A Notice of Chapter 13 Bankruptcy Case was generated, which set December 27, 2022, as the deadline for all creditors (except governmental units) to file a proof of claim.  (Docket No. 3, at p. 2).  The Notice was served on Ashford-Clinton on October 20, 2022. (Docket No. 8).

Ashford-Clinton filed a Proof of Claim, in the amount of $4,170.52, on December 30, 2022, three days after the deadline. (Claim No. 13-1).

On January 24, 2023, Mr. Manderson filed an Amended Chapter 13 Plan, which provided for monthly payments of $1,208.00 for sixty (60) months, with unsecured creditors to be paid in full over the term of the Plan. (Docket No. 17).  The Honorable Diane Davis, Chief United States Bankruptcy Judge, entered an Order confirming the Amended Chapter 13 Plan on February 16, 2023. (Docket No. 19).

On April 14, 2023, the Chapter 13 Trustee filed and served a "Notice of Claims Filed." (Docket No. 21).  The Notice indicated that Ashford-Clinton's claim "should be deemed allowed …." (Docket No. 21, at p. 2).

2

The Chapter 13 Trustee objected to Ashford-Clinton's claim on May 17, 2023. (Docket No. 24).

## DISCUSSION

Section 502 (a) of the Bankruptcy Code states that a proof of claim "is deemed allowed" unless a party in interest objects.  11 U.S.C. § 502 (a).  Section 502 (b)(9) of the Code provides for disallowance of a claim, upon an objection, after notice and a hearing, if the proof of claim was "not timely filed …." 11 U.S.C. § 502 (b)(9).

Ashford-Clinton concedes its claim was not timely filed. (Docket No. 36, at ¶ 5).  Section 502 (b)(9) provides for exceptions wherein late-filed claims may be allowed, but none of those exceptions apply here. (Docket No. 36, at ¶ 5).

Rules 3002 (c) and 9006 (b)(3) of the Federal Rules of Bankruptcy Procedure establish the circumstances in which the court may enlarge/extend a party's time for filing a claim.  Ashford-Clinton admits it cannot satisfy the requirements of these Rules. (Docket No. 36, at ¶ 6).[1]

Ashford-Clinton argues that the Trustee's Objection should be denied on two main grounds – (1) the Objection serves no purpose because allowing Ashford-Clinton's claim to be paid through the Plan will not unfairly prejudice any party and (2) the Trustee waived or should be estopped from objecting to the claim.

### A.  Purpose & Prejudice

Section 704 (a)(5) of the Bankruptcy Code states that "if a purpose would be served," the trustee is required to "examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. § 704 (a)(5).  This duty applies to a Chapter 13 Trustee. *See* 11 U.S.C. § 1302 (b)(1).

---

[1] On June 26, 2023, Ashford-Clinton moved for leave to file a late Proof of Claim pursuant to Rule 3002 (c)(6), but withdrew the motion on July 18, 2023. (Docket No. 29, 37).

The Debtor has not objected to Ashford-Clinton's claim. The confirmed Plan pays all creditors in full and there are more than sufficient funds to make the payments, including the payment of Ashford-Clinton's claim. (Docket No. 19).[2]

Thus, Ashford-Clinton argues, the Trustee's objection serves no "purpose" under § 704 (a)(5) because allowance of its claim will not reduce the amount to be paid to other creditors and/or otherwise unfairly prejudice any party.

Ashford-Clinton equates purpose with prejudice.   This Court finds this argument unpersuasive.

The Chapter 13 Trustee's interest in ensuring orderly administration of cases, including the timely filing of claims, is a legitimate purpose for objecting to a late-filed claim even in the absence of prejudice. *See In re Cade*, 552 B.R. 800, 806 (Bankr. S.D. Ohio 2014)("Ensuring the proper administration of the estate clearly serves a purpose under 11 U.S.C. § 704(a)(5)."); *In re Waldschmidt*, 605 B.R. 860, 867 (Bankr. N.D. Ind. 2019)("Moreover, the court can imagine a number of reasons why a trustee might find it appropriate to object to untimely claims even when the plan pays all creditors in full: it impresses upon creditors the need to file claims and, if they do not, upon debtors the importance of filing a claim on a creditor's behalf if they want a particular creditor to be paid; … as well as avoiding the increased litigation that would come from eroding enforcement of the claims deadline"); *see also generally In re McLarry*, 273 B.R. 753, 754–55 (Bankr. S.D. Tex. 2002)("The chapter 13 trustee has a duty to object to claims filed after the deadline.").

---

[2] Debtor disclosed disposable income of $734,040.00 over the life of the Plan, against debts (including Ashford-Clinton's claim) of $67,815.41.

In addition, the logic of Ashford-Clinton's argument would preclude Chapter 13 trustees from objecting to late-filed claims in all over-funded cases (as the trustee would not be able to show prejudice from allowing the late-filed claim in such circumstances).

The creation of such a broad exception excusing late-filed claims would be contrary to well-settled caselaw that Rule 3002 (c) of the Federal Rules of Bankruptcy Procedure "is strictly construed as a statute of limitations barring the late filing of proofs of claim." *In re Bailey*, 151 B.R. 28, 30 (Bankr. N.D.N.Y. 1993); *see also In re Daniels*, 466 B.R. 214, 217 (Bankr. S.D.N.Y. 2011)("[S]ince 1994, the courts have almost uniformly ruled that proofs of claim that are untimely filed in a Chapter 13 case may not be deemed timely filed, and that the claimants thereunder should not take from, or be permitted to recover from, the debtor's estate under the Chapter 13 plan.")(collecting cases).

Accordingly, this Court finds that the Chapter 13 Trustee had a proper purpose for objecting to Ashford-Clinton's claim and the lack of prejudice from allowance of the claim is insufficient to defeat the objection.

**B.  Equity & Waiver**

Ashford-Clinton also argues that the Chapter 13 Trustee waived his right to object by filing a "Notice of Claims Filed" that listed its claim as "allowed" and by permitting confirmation of the Debtor's Plan.  Ashford-Clinton also asserts more generally that it would be inequitable to sustain the Trustee's Objection.  These arguments fail for the reasons that follow.

**1.   Notice of Claims Filed**

The Trustee filed a "Notice of Claims Filed" on April 14, 2023.  The Notice stated as follows: "Pursuant to 11 U.S.C. 704 (4), the trustee has examined the proofs of claims filed in this case and objected to the allowance of such claims as appeared to be improper except where no

purpose would have been served by such objection. After such examination and objections, if any, the trustee states that claims should be deemed allowed, or 'not filed' as indicated below." (Docket No. 21).

As of the date of the Notice, no claims objections had been filed.  The Trustee identified Ashford-Clinton's claim as a filed claim, with no indication that the claim was untimely filed. (Docket No. 21, at p. 2).  On May 17, 2023, approximately one month after filing the Notice, the Trustee objected to Ashford-Clinton's claim.[3] (Docket No. 24).

Ashford-Clinton argues that that the Trustee should be "precluded from taking inconsistent positions in regard to the objection to [its] claim and the initial allowance should stand." (Docket No. 36, at ¶ 13).  Ashfold-Clinton offers no caselaw to support this argument and this Court is not persuaded.

The language in the Trustee's Notice does speak in the past tense - indicating that the Trustee "has examined" the claims and had "objected" to improper claims "except where no purpose would have been served by such objection." (Docket No. 21). The Notice also contains a "WHEREFORE" clause, in which the trustee "prays that those claims which have been filed be deemed allowed for the purpose of distribution as indicated above." (Docket No. 21).

Ashford-Clinton reasonably contends that this language indicates that the Trustee *had* reviewed the identified claims and *had* decided that there was either no basis for objecting and/or that "no purpose" to be served by an objection.

However reasonable this reading may be, this is a far cry from finding that the Notice had the *legal* effect of (a) precluding the Trustee from reconsidering his position and (b) creating an excuse for a late-filed claim outside of the very narrow exceptions permitted under the law.

---

[3] The Trustee also objected to a claim by National Grid as untimely filed. (Docket No. 22).  National Grid did not respond to the objection and its claim was disallowed. (Docket No. 33).

The Trustee's duty to prepare, file, and serve a "Notice of Claims Filed" is created by the Court's Local Rules.  *See* NDNY Local Bankruptcy Rule 3007-1 (c) ("Unless the Court orders otherwise, objections to claims in a chapter 12 and 13 case must be filed and served within forty-five (45) days of the trustee's service of the 'Notice of Claims Filed and of Trustee's Intent to Pay Claims as Listed.' The trustee shall file the Notice of Claims Filed and of Trustee's Intent to Pay Claims as Listed.").

There is nothing in Local Rule 3007-1 (c) to suggest that the Notice is intended to be a conclusive (or preclusive) statement of the Trustee's intentions regarding claims allowance.  There is also nothing in the Local Rule to indicate that it operates to override otherwise applicable barriers to a late-filed claim.

Indeed, the Rule sets a deadline *for* claims objections, rather than precluding them. The Rule seems to be intended primarily for the benefit of debtors, by alerting them that the Trustee intends to allow and pay the identified claims unless a timely objection is filed. *See In re Johnson*, No. 09-49420, 2014 WL 4197001, at *26 (Bankr. E.D.N.Y. Aug. 22, 2014)("Neither the Bankruptcy Code nor the Bankruptcy Rules sets a time limit for objecting to a proof of claim in a Chapter 13 case. Some districts have fixed a deadline by local rule. For example, in the Northern District of New York ….").

Here, the Trustee recognized that Ashford-Clinton's claim was untimely and objected to it. Although it would have been better if the Trustee had made this realization before filing the Notice, the Trustee objected within the timeframe established by the Local Rule and set forth in the Notice.  This Court finds that the Notice, however inaccurate it may have been, did not excuse the late-filing of Ashford-Clinton's claim and/or act as a legal waiver of the Trustee's right to object to the claim.

To the extent Ashford-Clinton argues that the Trustee should be estopped from changing his position, this argument fails because Ashford-Clinton took no action in reliance on the language in the Notice. *See In re G. Marine Diesel Corp.*, 194 B.R. 306, 311 (Bankr. E.D.N.Y. 1996)("Estoppel is imposed by law in the interest of fairness to prevent the enforcement of rights which would work a fraud or injustice upon the person against whom enforcement is sought and who, *in justifiable reliance* upon the opposing party's words or conduct, *has been misled into acting upon the belief* that enforcement would not be sought.")(emphasis added).

Moreover, waiver "cannot be lightly presumed" and "cannot be created through negligence, oversight or thoughtlessness." *In re Best Payphones, Inc*., 523 B.R. 54, 70 (Bankr. S.D.N.Y. 2015).

Here, although the language in the Notice may be inartful insofar as it suggested the Trustee had determined that the identified claims should be allowed, it does disclose that a claims objection remains a possibility.  To wit, the Notice provides that: "the claims which have been filed as recited above are deemed allowed *unless* objection is made by the debtor *or other party in interest*." (Docket No. 21)(emphasis added).   Although Ashford-Clinton may be justifiably surprised/bothered by the fact that the Trustee is the party objecting, this is not sufficient to justify the imposition of waiver or estoppel.

Lastly, given the well-established policy of strict enforcement of the claims bar date, as discussed above, this Court declines to hold that the Trustee's statement in a procedural form created by Local Rule is sufficient, without more, to defeat an otherwise valid, timely objection to an undeniably late-filed claim.

### 2.  Confirmation

The Debtor filed an Amended Plan on January 24, 2023. (Docket No. 17).  The Plan provides for 100% payment of allowed non-priority unsecured claims. (Docket No. 17, at p. 5). The Plan was confirmed on February 16, 2023. (Docket No. 19).

Ashford-Clinton contends that the Trustee's Objection should be denied because "the Court confirm[ed] an amended plan that arguably provided for adequate payment" of its claim. (Docket 36, at ¶ 14).  This argument is unavailing.

First, the Amended Plan stated that "[a]llowed" unsecured claims would be paid in full (Docket No. 17, at p. 5); the question of whether Ashford-Clinton's claim should be allowed is at issue here.  Moreover, neither the Plan nor Order of Confirmation refer to allowance or payment of Ashford-Clinton's claim in particular.

Second, even if the Amended Plan expressly provided for payment of Ashford-Clinton's claim, confirmation would not bar an otherwise proper claim objection. *See Waldschmidt*, 605 B.R. at 866 ("Neither equitable circumstances nor the provisions of a confirmed plan circumvent the need for filing a timely proof of claim.")(citing *In re Greenig*, 152 F.3d 631, 636 (7th Cir. 1998)); *see also In re Brooks*, 370 B.R. 194, 198–99 (Bankr. C.D. Ill. 2007)("The fact that the … Plan, which does not purport to extend the claim bar date, provides that the [creditor] will have an unsecured deficiency claim, does not change the claim filing rules or relieve the [creditor] of the need to follow them."); *In re Haskins*, 563 B.R. 177, 188 (Bankr. W.D. Va. 2017)("[T]his Court's order of confirmation was not intended to contravene the statutory framework for the claims allowance process."); *In re Roche*, No. 5-16-BK-00271-JJT, 2017 WL 746232, at *2 (Bankr. M.D. Pa. Feb. 24, 2017)("I have no trouble giving the Chapter 13 Trustee standing to challenge claims both pre and post confirmation. Furthermore, I see no *res judicata* bar from challenging a proof of

claim after confirmation in the absence of a plan provision specifically addressing a claims objection deadline.").

### 3. Equity

Ashford-Clinton also argues that "principles of equity weigh heavily in favor" of allowing its claim. (Docket No. 27, at ¶ 15).  The Debtor's Plan is amply overfunded based on disposable income; there is no dispute regarding the validity of Ashford-Clinton's debt; and no party would be unfairly prejudiced by paying the claim.

However, it is well-settled that this Court "has no equitable power to extend a creditor's time to file a proof of claim in a chapter 13 case." *In re Moore*, No. 10-11491, 2012 WL 1192776, at *3 (Bankr. N.D.N.Y. Apr. 10, 2012); *see also Daniels*, 466 B.R. at 218 ("The court literally has no authority to permit the claim to be filed late.")(collecting cases); *In re Egan*, 526 B.R. 111, 113 (Bankr. S.D.N.Y. 2015).

Ashford-Clinton will understandably view this result as harsh and unfair.  However, this Court is constrained to act within the authority granted to it under applicable law.  Further, as discussed above, the enforcement of deadlines serves important purposes by encouraging timely action, fostering respect for rules, creating a level playing field, and facilitating the orderly administration of cases.  *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 645, 112 S. Ct. 1644, 1648, 118 L.Ed.2d 280 (1992)("Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality."); *see also Brooks*, 370 B.R. at 203 ("Any erosion of the strict enforcement of the claim bar date would be unfair to those creditors who follow the rules and file timely claims, and would also tend to lead to a troublesome reduction in the incentive for creditors to follow the claim filing rules, and a corresponding increase in late claim litigation.").

**CONCLUSION**

For the foregoing reasons, the Chapter 13 Trustee's Objection (Docket No. 24) is

SUSTAINED and Ashford-Clinton's claim (Claim No. 13-1) is DISALLOWED.


Dated: August 14, 2023                    /s/Patrick G. Radel
       Utica, New York                    Patrick G. Radel
                                        United States Bankruptcy Judge